IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| EFREM STUTSON | ) |
| | ) |
| v. | ) CV. NO. 01-CO-8005-S |
| | ) CR. NO. 93-CO-152-S |
| UNITED STATES OF AMERICA | ) |

<u>MEMORANDUM OF DECISION</u>

Efrem Stutson was one of sixteen defendants convicted following a three week trial in the Northern District of Alabama upon an indictment alleging a wide-ranging decade long conspiracy to possess, transport and distribute large quantities of controlled substances including cocaine and methamphetamine. Mr. Stutson was convicted of count two of the indictment, a conspiracy in violation of 21 U.S.C. § 846. An information pursuant to the provisions of 21 U.S.C. § 851 was filed alleging that Efrem Stutson had on three earlier occasions been convicted of drug felony offenses. (Doc. #3). The district court attributed sixteen kilograms of powder cocaine at sentencing. (Doc. #868, p.12). During the sentencing proceeding Mr. Stutson expressly admitted that he had been convicted of the sale of controlled substances in August of 1989 in Los Angeles Superior Court in Case No. A890604, a felony drug conviction in San Bernadino County Superior Court in 1989 in Case No. RCR0213967 and a 1992 conviction in San Bernadino County in RCR22073. (*Id*., pp.12-15). Mr. Stutson acknowledged that by conceding the prior convictions he would not be permitted to raise any objection to those convictions. (*Id*., p. 15). In his appeal of the sentence and conviction Mr. Stutson alleged, *inter alia*, that the district court erred in considering his prior convictions when imposing sentence under the Federal Sentencing Guidelines. (Doc. #1130, attachment, brief of Efrem Stutson on appeal, p.13). In its unpublished opinion affirming Mr. Stutson's conviction, the Eleventh Circuit directed that the sentence imposed under the Federal Sentencing Guidelines be reconsidered and the district court make

additional findings with respect to quantities of controlled substances to be attributed to the defendant. The Circuit court also concluded that the court should reconsider its finding with respect to whether or not Mr. Stutson played a "minor role" in the offense. The Court specifically held that "all other arguments relating to Efrem Stutson's sentence are rejected." (Unpublished opinion, September 19, 1997, mandate issued January 8, 1998). Mr. Stutson was resentenced on September 15, 1998. Five kilograms of cocaine and fifty grams of a mixture containing cocaine base were attributed to his conduct. With those findings, the district court concluded that the appropriate sentence was life imprisonment because of the defendant's prior felony drug convictions. The sentence imposed following remand was appealed and affirmed on August 3, 2000. Mr. Stutson has filed what purports to be a petition pursuant to the provisions of 28 U.S.C. § 2255 in which he alleges that he was improperly sentenced under 21 U.S.C. § 841(b)(1)(A) rather than 21 U.S.C. § 841(b)(1)(C). He further alleges that his life sentence was impermissible because it was based upon convictions that were part of the "instant offense." Finally he argues that his attorney was ineffective in failing to object to the "erroneous application of law."

Mr. Stutson's first claim is predicated upon his reading of *Apprendi v. New Jersey*, 121 S.Ct. 2348 (2000). In *McCoy v. United States*, 266 F.3d 1245, 1247 (11th Cir. 2001), *cert. denied,* ____ U.S. ____, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) the Eleventh Circuit Court of Appeals acknowledged that where the movant is bringing his first § 2255 motion, as here, *In re Joshua* does not apply because *Joshua* involved a successive § 2255. Nevertheless, the Eleventh Circuit Court of Appeals held that, under *Teague v. Lane*, 489 U.S. 288 (1989) *Apprendi* does not apply retroactively to cases in which the conviction became final before the *Apprendi* decision was released on June 29, 2000. See *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *Hamm v. United States*, 269 F.3d 1247 (2001), *cert.*

*denied,* ____ U.S. ____, 122 S.Ct. 2375, 153 L.Ed.2d 194 (2002); *Kaufmann v. United States*, 282 F.3d 1336 (2002), ____ U.S. ____, 123 S.Ct. 287, 154 L.Ed.2d 127 (2002). The *Teague* bar applies even where, as here, the movant is bringing his first § 2255 motion. *Id*. Further, "the *Teague* bar applies without regard to the merits of the underlying claim." *Hamm*, 269 F.3d at 1250. Because petitioner's conviction became final no later than January 7, 1998 when the appellate court issued the mandate affirming Mr. Stutson's conviction and sentence, see *Hamm v. United States*, 269 F.3d at 1249, and, therefore, was final prior to the June 29, 2000 *Apprendi* decision, *Apprendi* does not apply retroactively to petitioner. In the Sixth Amendment context, *Apprendi* could not have been anticipated in light of Eleventh Circuit precedent. *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001).[1] His *Apprendi* argument is misperceived. As noted in *Apprendi*, facts "<u>other than the fact of prior conviction</u>" which affect the <u>maximum</u> sentence must be submitted to a jury. In Mr. Stutson's case, the government provided notice by way of information pursuant to the provisions of 21 U.S.C. § 851(a) that it would seek a statutory enhancement of Mr. Stutson's 841(b)(1)(A) conviction. The Eleventh Circuit rejected the claim that the prior convictions were improperly considered.[2] Mr. Stutson acknowledges that his attorney addressed this question with the district court during sentencing. The law was clearly established at the time of Mr. Stutson's sentencing that multiple convictions arising from acts which

---

[1]  Prior to *Blakely*, the Circuit Courts of Appeals unanimously rejected the application of *Apprendi* to guideline factors, concluding that a guideline factor unrelated to statutory maximums need not be submitted to a jury. *United States v. Baltas*, 236 F.3d 27, 40-41 (1st Cir. 2001); *United States v. Williams*, 235 F.3d 858, 863-64 (3d Cir. 2000); *United States v. Angle*, 255 F.3d 514, 519 (4th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000); *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000); *United States v. Nance*, 236 F.3d 820, 826 (7th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000); *United States v. Hernandez-Guardado*, 228 F.3d, 1017, 1026-27 (9th Cir. 2000); *United States v. Heckard*, 238 F.3d 1235-36 (10th Cir. 2001); *United States v. Nealy*, 232 F.3d 825, 829 n.3 (11th Cir. 2000).

[2]  Mr. Stutson also confuses the presentence guideline report "similar conduct" provision with the statutory enhancement predicated upon his prior convictions. His claim that his prior convictions cannot be considered against him because they occurred in temporal proximity with the commission of the sentencing guidelines of the conspiracy count allegation was never presented to the district court and is barred.

were distinct in time are not excluded from § 841(a)(1)(A) merely because they may have been part of a larger conspiracy uncovered by one coordinated investigation. *United States v. Rice*, 43 F.3d 601 (11th Cir. 1995). Mr. Stutson's prior convictions were separate and apart from the acts alleged in the conspiracy.

Mr. Stutson's ineffective assistance of counsel claim apparently is predicated upon his contention that the government failed to re-affirm its 851 notice prior to the re-sentencing in September of 1998. The difficulty with that position of course is that the government was not required to provide such notice. The remand of the circuit court was related only to the question of attribution and Mr. Stutson's role in the offense issue. Counsel could not be held to have failed to engage in an act for which no relief might be granted. The district court found at sentencing that "all other arguments related to Efrem Stutson's sentencing are barred. It [the appellate court opinion] sets out two issues for us to consider on resentencing. As I noted earlier, the first one had to do with the drugs to be attributed to him, and the second had to do with his role in the offense." (Doc. #1015, p.3). The district court imposed a sentence of life imprisonment on count two because it found at least 50 grams of crack cocaine were attributable to Mr. Stutson under the conspiracy count and with at least two prior felony drug offenses a mandatory life sentence was warranted. (Doc. #1015). Mr. Stutson did not challenge the process by which the attribution was made on appeal. See *United States v. Njau*, 386 F.3d 1039, 1041-42 (11th Cir. 2004); *United States v. Levy,* 379 F.3d 1241, *reh'g en banc denied*, 391 F.3d 1327 (11th Cir. 2004). See also *McCoy v. United States*, 266 F.3d 1245, 1247 (11th Cir. 2001), *cert. denied,* \_\_\_\_ U.S. \_\_\_\_, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002). There is simply no viable claim of ineffective assistance of counsel presented in Mr. Stutson's petition.

After consideration of the petition, the positions of the parties and the applicable law, Mr. Stutson's motion for relief pursuant to 28 U.S.C. § 2255 is due to be and the same is hereby DENIED in its entirety.

As to the foregoing it is SO ORDERED.

Done this 30th day of March 2005.

                                                L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE

105854